**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2992-16T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ERIC NIEVES, a/k/a JASON NIEVES,

    Defendant-Appellant.

_____

        Submitted July 9, 2018 — Decided July 19, 2018

        Before Judges Yannotti and Haas.

        On appeal from Superior Court of New Jersey,
        Law Division, Union County, Indictment No. 10-
        02-0238.

        Joseph E. Krakora, Public Defender, attorney
        for appellant (Monique D. Moyse, Designated
        Counsel, on the brief).

        Andrew C. Carey, Middlesex County Prosecutor,
        attorney for respondent (Susan L. Berkow,
        Special Assistant Prosecutor, of counsel and
        on the brief).

PER CURIAM

    Defendant Eric Nieves appeals from an order entered by the

Law Division on November 18, 2016, which denied his petition for

post-conviction relief (PCR) without an evidentiary hearing. We affirm.

## I.

Defendant was charged under Middlesex County Indictment No. 10-02-0238 with third-degree conspiracy to commit burglary, N.J.S.A. 2C:5-2, N.J.S.A. 2C:18-2 (count one); third-degree burglary, N.J.S.A. 2C:18-2 and N.J.S.A. 2C:2-6 (counts eighteen, thirty-four, forty, and forty-two); third-degree theft, by unlawful taking, N.J.S.A. 2C:20-3(a) and N.J.S.A. 2C:2-6 (counts nineteen, thirty-five, and forty-one); third-degree trafficking in stolen property, N.J.S.A. 2C:20-7.1(b) (count twenty-one); and third-degree receiving stolen property, N.J.S.A. 2C:20-7 (count twenty-three).

The charges arose from four residential home burglaries and related crimes that were committed in 2009. Defendant was charged alone in counts forty, forty-one, and forty-two. Co-defendants Victor Torres or Andrew Zeleniak, or both, were charged with defendant in the other counts.

Sometime after the indictment was returned, this matter was transferred to Union County. The trial court later denied defendant's motion to suppress the recorded statements he gave to the police. Defendant was tried before a jury, which found defendant guilty of all charges. The court sentenced defendant to

an aggregate term of twenty-five years in state prison, with twelve-and-one-half years of parole ineligibility. The court ordered defendant to pay restitution in the amount of $4767.

Defendant appealed from the judgment of conviction dated September 30, 2011, and raised the following arguments:

> I. THE COURT ERRED IN ACCEPTING THE STATE'S LEGALLY ERRONEOUS ARGUMENT THAT A LESSER-INCLUDED OFFENSE OF THEFT SHOULD NOT BE CHARGED WITH RESPECT TO THE ALVAREZ BURGLARY BECAUSE IT WAS A DISORDERLY PERSONS OFFENSE — THAT IS, THE VALUE OF THE STOLEN ITEM WAS LESS THAN $200 — AND COMPOUNDED THE ERROR BY CHARGING A LESSER-INCLUDED OFFENSE UNSUPPORTED BY THE RECORD. (Not Raised Below).
>
> II. THE JURY INSTRUCTIONS ON ACCOMPLICE LIABILITY DID NOT COMPLY WITH STATE V. BIELKIEWICZ [267 N.J. Super. 520 (App. Div. 1993)].
>
> III. THE RESTITUTION ORDER SHOULD BE VACATED BECAUSE IT WAS PREDICATED UPON A VAGUE POSSIBILITY THAT DEFENDANT MIGHT WIN THE LOTTERY, WHICH SHOULD BE REJECTED AS AN ILLEGITIMATE CONSIDERATION IN ASSESSING DEFENDANT'S FURTURE ABILITY TO PAY.
>
> IV. NOTWITHSTANDING DEFENDANT'S CRIMINAL RECORD, THE TWENTY-FIVE-YEAR SENTENCE WITH [A] TWELVE-AND-A-HALF-YEAR PAROLE DISQUALIFIER WAS MANIFESTLY EXCESSIVE FOR A HANDFUL OF THIRD-DEGREE BURGLARIES AND THEFTS.

We affirmed defendant's conviction, but remanded the matter to the trial court for reconsideration of the consecutive sentences imposed and the restitution ordered. State v. Nieves, No. A-2010-11 (App. Div. Mar. 7, 2014) (slip op. at 20-21). On remand, the

trial court imposed the same sentence, and again ordered defendant to pay restitution in the amount of $4767.

Defendant appealed from the amended judgment of conviction dated June 3, 2014, and we heard the appeal on our excessive sentence oral argument calendar. R. 2:9-11. We affirmed the sentence. State v. Nieves, No. A-0372-14 (App. Div. Mar. 10, 2015). The Supreme Court denied defendant's petition for certification. State v. Nieves, 222 N.J. 17 (2015).

## II.

On December 14, 2015, defendant filed a timely PCR petition. He alleged his trial attorney was ineffective because he failed to: (1) inform him of the details of the State's last plea offer; (2) obtain a log book from a hospital where he claimed to be when some of the crimes were committed; (3) investigate potential witnesses that would support an alibi defense; and (4) file a motion seeking the disqualification of the assistant prosecutor.

Defendant also claimed appellate counsel was ineffective for failing to argue on appeal that: (1) the change of venue for his trial was improper; (2) the resentencing judge should have recused himself; and (3) the trial court erred by failing to entertain his application for substitute counsel. In addition, he argued that his sentence was illegal and the ordered restitution was improper. The PCR court assigned counsel to represent defendant.

4

The PCR court conducted a non-evidentiary hearing on November 18, 2016. The court filed a written opinion, in which it found that many of defendant's claims were either barred by <u>Rule</u> 3:22-5 because they had been raised and adjudicated in prior proceedings, or barred by <u>Rule</u> 3:22-4 because they could have been raised on direct appeal.

The court nevertheless considered the merits of the claims presented. The court found that defendant had not presented a prima facie case of ineffective assistance of trial or appellate counsel, and that an evidentiary hearing was not required. The court entered an order dated November 18, 2016, denying PCR. This appeal followed.

III.

On appeal, defendant argues that the PCR court erred by failing to conduct an evidentiary hearing on his petition. We disagree.

The PCR court should conduct an evidentiary hearing on a PCR petition if the defendant presents a prima facie case in support of PCR, the court determines there are material issues of fact that cannot be resolved based on the existing record, and the court finds that an evidentiary hearing is required to resolve the claims presented. <u>R.</u> 3:22-10(b); <u>see also</u> <u>State v. Porter</u>, 216 N.J. 343, 354 (2013) (citing <u>R.</u> 3:22-10(b)).

Here, defendant claims he was denied the effective assistance of trial and appellate counsel. The Sixth Amendment to the United States Constitution and Article I, Paragraph 10 of the New Jersey Constitution guarantee criminal defendants the right to the effective assistance of counsel. State v. O'Neil, 219 N.J. 598, 610 (2014) (citing Strickland v. Washington, 466 U.S. 668, 686 (1984); State v. Fritz, 105 N.J. 42, 58 (1987)).

To succeed on a claim of ineffective assistance of counsel, the defendant must meet the two-part test established by Strickland, 466 U.S. at 686, and adopted by our Supreme Court in Fritz, 105 N.J. at 58. Under Strickland, a defendant first must show his or her attorney made errors "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. Counsel's performance is deficient if it "[falls] below an objective standard of reasonableness." Id. at 688.

A defendant also must show that counsel's "deficient performance prejudiced the defense." Id. at 687. The defendant must establish "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A "reasonable probability is a probability sufficient to undermine confidence in the outcome" of the proceeding. Ibid.

6

A. Alleged Ineffective Assistance Of Trial Counsel

1. Failure To Investigate

Defendant alleges that his trial attorney was deficient because he failed to investigate adequately and present additional witnesses at trial.

In its opinion, the PCR court noted that defendant did not identify the witnesses trial counsel should have called, or the testimony these witnesses would have provided. The court found that defendant had not shown how counsel's failure to call these unidentified witnesses fell below a standard of reasonableness, or how counsel's "purported failure led to a prejudicial result." The record supports the court's findings.

Indeed, it is well established that a claim of ineffective assistance must rest on more than "bald assertions." State v. Jones, 219 N.J. 298, 311-12 (2014) (quoting Porter, 216 N.J. at 355). Where, as here, a defendant claims his attorney failed to adequately investigate the case, the defendant must state the facts that an investigation would have revealed, supported by affidavits or certifications. Porter, 216 N.J. at 353 (citing State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999)).

Defendant failed to present such evidence to the PCR court. Therefore, the PCR court correctly determined that defendant had not shown his attorney was deficient because he failed to

investigate and present testimony from additional, unidentified witnesses. Defendant also failed to show that counsel's alleged deficient performance prejudiced his defense.

2. Failure To Obtain Evidence

Defendant claims his trial attorney was deficient because he failed to obtain the logbook and surveillance video from a hospital. Defendant claims he was in the hospital when "some of the crimes were committed."

In its opinion, the PCR court noted that defendant told the police he was in the hospital beginning on August 8, 2009, for the birth of his child. He also said he was in the hospital on August 16, 2009, because he had fallen. The court found, however, that the dates of defendant's purported hospitalizations did not coincide with the dates upon which the burglaries for which he was convicted were committed. The record supports that finding.

As indicated in our opinion on defendant's direct appeal, the charges against defendant related to burglaries at four residential dwellings — the Singh, Claudino, Miranda, and Alvarez residences. Nieves, No. A-2010-11, slip op. at 4-5. The Singh burglary took place on August 22, 2009; the Claudino burglary occurred on August 24, 2009; the burglary of the Miranda home occurred on September 25, 2009, and the Alvarez home was

burglarized on October 6, 2009. The dates of defendant's purported hospitalizations do not coincide with these dates.

The PCR court noted that defendant had not explained how the purported hospitalizations supported his claim of ineffective assistance of counsel. The court also pointed out that in affirming defendant's convictions, we determined that the State had presented sufficient evidence to prove beyond a reasonable doubt that defendant committed the charged offenses on the dates alleged.

Therefore, defendant failed to show that his trial attorney was deficient because counsel did not obtain the logbook and surveillance video from the facility where he was allegedly hospitalized. He also failed to show that his attorney's alleged deficient performance prejudiced his defense.

3. <u>Advice Regarding The State's Plea Offer</u>

Defendant claims his trial attorney was deficient because he did not advise him adequately concerning the State's plea offer. Defendant alleges that prior to going to trial, his attorney did not inform him that the State's last plea offer was for a fifteen-year custodial sentence with a seven-year, eight-month period of parole ineligibility, rather than a fourteen-year custodial sentence subject to the No Early Release Act, N.J.S.A. 2C:43-7.2. The PCR court determined that the existing record did not support defendant's claim.

The court noted that defendant's pre-trial memorandum stated that the State's last plea offer was for a fifteen-and-one-half-year prison sentence, with seven years and nine months of parole ineligibility. Defendant signed the pre-trial memorandum, which showed that his attorney had informed him of the State's final plea offer.

Defendant also claims that his attorney did not give him the information he needed to make an informed decision about the plea offer. However, defendant has not identified the additional information he needed to make an informed decision regarding the State's plea offer.

Therefore, defendant did not establish that his attorney rendered ineffective assistance regarding his plea. He did not establish that his attorney's advice was deficient. He also failed to show that but for counsel's alleged deficient advice, he would have accepted the State's plea offer instead of proceeding to trial.

B. <u>Claims Of Ineffective Assistance of Appellate Counsel</u>

1. <u>Change of Venue</u>

Defendant argues that appellate counsel was deficient because counsel did not argue on direct appeal that the decision to change venue from Middlesex County to Union County was improper. The PCR court noted that defendant's future mother-in-law was employed by

the Superior Court in Middlesex County. The Assignment Judge for the Middlesex County vicinage decided to transfer venue of the case to Union County to avoid the appearance of impropriety. The PCR court found that the decision to change venue was reasonable and consistent with the judiciary's policy in such matters. We agree.

2. <u>Recusal of Assistant Prosecutor</u>

Defendant contends his trial attorney was deficient because he failed to move for recusal of the assistant prosecutor. Defendant had claimed the assistant prosecutor had a working relationship with his future mother-in-law, who worked in the office for criminal case management in Middlesex County. Defendant also argues his appellate counsel was ineffective for failing to raise this issue on direct appeal.

The record shows, however, that at the suppression hearing, defendant's attorney sought the disqualification of the assistant prosecutor due to the alleged relationship between the assistant prosecutor and defendant's future mother-in-law. In opposing the motion, the assistant prosecutor informed the judge she did not have a working or personal relationship with defendant's future mother-in-law. The judge denied the application.

Defendant has not shown that the judge's ruling was factually or legally incorrect. Accordingly, there is no merit to defendant's

11 <span>A-2992-16T1</span>

claim that appellate counsel was deficient in failing to raise this issue on appeal. Defendant also failed to show that the appeal would have been decided differently if the issue had been raised.

3. Recusal of Judge

Defendant argues his appellate counsel was deficient because counsel failed to argue on appeal that the judge who decided the suppression motion and sentenced him should have recused himself. It appears that during the suppression hearing, the judge expressed some displeasure with receiving another case on transfer from Middlesex County. Based on those remarks, defendant's attorney sought the judge's recusal. The judge denied the application.

The PCR court found that defendant failed to show that the judge erred by denying the recusal motion. The record supports that determination. The judge's remarks did not indicate he had any bias against defendant, or that he could not handle the matter fairly. Appellate counsel did not err by failing to raise this meritless issue on appeal.

We therefore conclude that defendant failed to present a prima facie case of ineffective assistance of trial or appellate counsel, and the existing record was sufficient to resolve the claims. Accordingly, the PCR court correctly determined that an evidentiary hearing was not required.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2992-16T1